On Application for Rehearing.
This application for rehearing is based principally upon the contention that the decision of this Court does violence to the ruling of the courts in State through Department of Highways v. Ponder, 140 So. 2d 426, and State of Louisiana through Dept, of Highways v. Glassell, 226 La. 988, 77 So.2d 881, wherein it was held that the proper measure of damages was the acreage value of the property taken rather than the value of the dirt or fill taken from a borrow pit. Both of these cases, however, may be distinguished from the instant case, because in both cases the court allowed damages based upon the highest and best use of the property, viz. pasturage and farm land in one case, and pine timberland in the other.
In the instant case, as pointed out in the original opinion, the highest and best use of the property was its value as a source of the particular and unique type of material required.
*835 The department complains that the Court has acted in disregard of the legislative intent embodied in LSA-R.S. 48:222, which provides as follows:
“§ 222. Acquisition of natural deposits; when allowed
“The department may acquire by purchase, lease, donation, or expropriation and may operate any gravel bed, fill or rock deposit, marble or granite quarry, or land from which earth can be obtained, or other natural resources or deposits susceptible of being used for the construction or maintenance of state highways or bridges, if the needs of the state in the construction and maintenance of highways will be best served by the acquisition.”
 The above quoted section confers certain rights of expropriation upon the State Department of Highways, but it mentions nothing about the compensation which must be paid. Just compensation is required by the State Constitution, and the provisions with regard thereto cannot be abrogated by mere legislative act, and there is nothing in this section which indicates that the legislature of the State of Louisiana intended that the Department of Highways should have the right to expropriate gravel, marble, granite and other valuable minerals for the price of agricultural acreage. In this regard the following quotation to be found in 29 C.J.S. verbo Eminent Domain p. 1043, explains the distinction:
“§ 174. — Value of Minerals
“The value of minerals in land taken by eminent domain is to be considered in determining the value of such land.
* * * 4= *
“Where land is condemned for the purpose of obtaining the minerals therein, the proper measure of damages for such minerals is the market value thereof rather than the value of such minerals as a part of the land taken.” (Emphasis supplied).
As pointed out in the original opinion, the lower court considered sales of comparable property in the neighborhood without considering the particular material which the department discovered after a deliberate search, and which was the sole object and purpose of the expropriation.
In the Glassell and Ponder cases, there was nothing to show that the earth and fill taken was of such rare or unusual quality that it could be deemed to increase the value of the property above its normal highest and best use.
In the present case, however, the natural deposits found on defendant’s property were of sufficient rarity and uniqueness to require special search therefor. I-Iowever, the fact that a special search must be conducted for the property and material sought is not the sole criteria of the value thereof. It is common knowledge that limited supply enhances monetary value of a useful material or substance and that the market value of any useful substance or material is augmented not only by an increase in the demand therefor but also by the fact that the same may be in limited supply. Obviously, therefore, the value of the natural deposits which, in and of themselves and by their mere presence in or upon the land, enhance the value thereof or have special and peculiar value if severed from the land and used for the purpose for which they are suited, must be considered in determining the market value of such lands expropriated with the intention of extracting such materials therefrom for the purpose of their employment and utilization by the expropriating agency.
In the instant case the situation is markedly different than those found in the Glas-sell and Ponder cases, supra. The deposits for which defendant’s property was condemned were sufficiently unique, rare and valuable that they fulfilled a highly specialized need of appellant herein. In addition, it appears that the mere presence of such material upon defendant’s prop *836 erty in and of itself, resulted in defendant’s land having an enhanced value above and beyond that of mere property.
We hold, therefore, that, in determining the market value of land expropriated for public purposes, the value of any substances, minerals or materials found or contained therein must be considered when such substances, minerals or materials, having a value in and of themselves separate and apart from the land itself, enhance the value of the land condemned.
Judgment affirmed.
Rehearing denied.